IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 13, 2014 Session

**STEPHANIE D. TURNER v. KEVIN TURNER**

**Appeal from the Chancery Court for Fayette County**
**No. 12354     Martha B. Brasfield, Chancellor**

**No. W2013-01833-COA-R3-CV - Filed July 7, 2014**

Paul G. Summers, Special Judge, concurring separately.

I concur with Judge Stafford's thorough opinion. After several discussions and independent research, I believe that my colleagues are correct on the law. But without reservation, I do not agree with the results, which surely will damage these children and destroy a family. The personal lifestyle facts created solely by the Mother are horrendous; she lost her privilege to be called a mother over ten years ago after abandoning her children to lead a life of drugs and despair. After supposedly recovering from her addiction, she waits six years to even see her children. These children were adopted by Father's new wife over a decade ago. Just because of the word "void," the lives of these good people are turned upside down. That just cannot be the result either our General Assembly intended or our Supreme Court sanctioned when the former passed the statute of repose.

As a UT College of Law student studying under Dr. E. E. Overton, I was inundated with the rule at least a thousand times: "If it's void, it's void." I thought I understood what that meant for the last forty years, but now I think the canon should be: "If it's voidable, it may be void or valid." Voidable is like writing an insurance policy after the car crash: if you want the party to be insured, you call it voidable and the driver's insurance was valid ab initio. (We call that post-claim underwriting.) If you desire the driver to be uninsured, you rule the policy application void. That seems to be what we are doing to this family by calling the termination of parental rights void ab initio: Father, new mother and children never had any insurance, even with the statute of repose. That just cannot be the law in Tennessee. Or it should not be. It just isn't right.

If this is the law, these children will be "unadopted" and never had a new mother. That means, I guess, that the biological mother could come to court even after they reached the

age of majority and "unadopt" them? Can she declare the termination of parental rights and subsequent adoption void until her death? Can her estate exercise her "right" to void even after she dies? Think of the disruptive consequences.

Surely this cannot be the law in Tennessee. If it is as my colleagues have convinced me, then it needs to change ab initio. The best way is for our Supreme Court to take this case on a Rule 11 application and reverse this Court's decision. That might obviate any other cases of unintended consequences, many of which we are unaware. Tell us that this was a voidable judgment and was valid because of the statute of repose, laches, due process, or fundamental fairness to the children and the new family. We need to settle this important question of law to all Tennessee families. This is a case that cries out for the need to secure settlement of questions of public concern. It is a classic Rule 11 application for permission to appeal.

Although I concur with my learned colleagues, I would ask the Supreme Court to grant the application, reverse us, and clarify the law. Redefine the canon I learned 40 years ago.


_____
PAUL G. SUMMERS, SPECIAL JUDGE